UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT WINBURN,

          Petitioner,            Case No. 1:24-cv-1109

v.            Honorable Sally J. Berens

RANDEE REWERTS,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

### I.    Factual Allegations

Petitioner Robert Winburn is incarcerated by the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On November 17, 2023, Petitioner pleaded *nolo contendere* to a charge of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2). *See* Register of Actions, *People v. Winburn*, No. 17-000654-FC (Washtenaw Cnty. Cir. Ct.), *available at* https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=370288 (last visited Dec. 11, 2024). On January 5, 2024, the trial court sentenced Petitioner to 63 to 240 months' incarceration.[2] *See id.*

The trial court's docket indicates that on August 20, 2024, a stipulation regarding the restoration of Petitioner's appellate rights was filed. *See id.* That same day, the trial court entered an order restoring Petitioner's appellate rights. *Id.* Public dockets reflect that, despite the

---

[2] The MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is also serving sentences imposed by the Wayne County Circuit Court in 1995 for second-degree murder and possession of a firearm during the commission of a felony (felony-firearm). *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=222196 (last visited Dec. 11, 2024).

restoration of appellate rights, Petitioner has not yet appealed his conviction and sentence to the Michigan Court of Appeals.

On October 23, 2024, the Court received Petitioner's initial Section 2254 petition. (ECF No. 1.) In an order (ECF No. 5) entered on November 4, 2024, the Court directed Petitioner to file an amended petition within 28 days. The Court received Petitioner's amended Section 2254 petition (ECF No. 7) on December 10, 2024. In that petition, Petitioner raises the following ground for relief:

> I. Petitioner['s] no-contest plea was unknowing and non-intelligent because he was misinformed of his ability to seek post-judgment review in a first-tier appeal being obstructed by the state and its agents, violating due process.

(Am. § 2254 Pet., ECF No. 7, PageID.50.) Petitioner indicates that he has not raised this ground for relief in the state courts because he is "being [frustrated] in the ability to appeal." (*Id.*, PageID.53.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly

4

appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not appealed his conviction and sentence. Petitioner states that, after his appellate rights were restored, his attorney "said she could not make the deadline to file [an] appeal[] as restored because she had too many cases." (Am. § 2254 Pet. ECF No. 7, PageID.52.) Petitioner states that when he complained that his plea agreement was being breached, counsel moved to withdraw, leaving him "with no appeal as promised." (*Id.*) The state court record reflects, however, that after counsel's motion to withdraw was granted on November 24, 2024, the trial court directed that new counsel be appointed to represent Petitioner. *See* https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=370288. It does not appear that new counsel has yet been appointed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. Petitioner may file a direct appeal to the Michigan Court of Appeals. *See* Mich. Ct. R. 7.204(A)(2); 7.205(A)(2)(a). If Petitioner does so, he must then seek leave to appeal any decision by the Michigan Court of Appeals to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

It appears that Petitioner turned to this Court because of his frustrations over the fact that counsel has not yet filed an appeal on his behalf even after his appellate rights were restored. The

5

requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). As noted above, it appears that there has been a slight delay in appointing Petitioner new counsel for purposes of filing his appeal. The United States Court of Appeals for the Sixth Circuit, however, has recently made clear that "delay, standing alone, has never been enough" to excuse the exhaustion requirement. *See Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022).

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. Petitioner's habeas petition is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, Petitioner has not yet appealed his conviction and sentence to the Michigan Court of Appeals.

Where a petitioner fails to pursue properly an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (setting forth that the time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). As noted above, Petitioner's appellate rights were restored on August 20, 2024. Under Michigan Court Rule 6.428, when a defendant's appellate rights are restored, the order restoring such rights "restart[s] the time in which to file an appeal or request counsel." *See* Mich. Ct. R. 6.428. Petitioner may file a delayed application for leave to appeal in the Michigan Court of Appeals until six months after that date. *See* Mich Ct. R. 7.205(G)(3). Thus, Petitioner's period of limitation has not yet started running.

6

The Sixth Circuit has indicated that 30 days is a reasonable amount of time for a petitioner to take the steps necessary to return to the state courts to exhaust his remedies, and another 30 days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (holding that 60 days amounts to a mandatory period of equitable tolling under *Palmer*). Here, Petitioner has more than 60 days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss Petitioner's amended Section 2254 petition for failure to exhaust available state-court remedies.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's Section 2254 petition is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

7

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies and denying a certificate of appealability.

Dated:   December 16, 2024                                   /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              United States Magistrate Judge